UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERNEST FRANCIS, : | |
|   Petitioner, : | |
| : | |
| v. : | No. 3:14-cv-1875 (SRU) |
| : | |
| SEMPLE and EDWARD MALDONADO, : | |
|   Respondents. : | |

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

    The petitioner, Ernest Francis, currently confined at the Osborn Correctional Institution in Somers, Connecticut, filed this habeas corpus action pursuant to 28 U.S.C. § 2254, challenging his conviction for murder. The respondents move to dismiss the petition on the ground that the petitioner failed to exhaust his state court remedies with regard to all grounds for relief. I agree that the petitioner did not exhaust his state court remedies and grant the respondents' motion.

I.    Procedural Background

    In 1992, Francis was convicted of murder. On April 15, 1992, he was sentenced to a term of imprisonment of fifty years. Doc. # 1 at 31. On direct appeal, Francis challenged his conviction on the grounds that the trial court abused its discretion in precluding him from cross-examining a state's witness about her probationary status, improperly denied his motion for judgment of acquittal based upon insufficient evidence, and improperly instructed the jury in three ways. The Connecticut Supreme Court affirmed the judgment. *State v. Francis*, 228 Conn. 118, 119–122 (1993).

    Francis filed several state post-conviction challenges relating to his conviction. On March

13, 1995, Francis filed a state habeas petition asserting a claim that trial counsel was ineffective. Following a trial, the court found that, based on information provided by Francis, counsel decided to pursue a defense of accident rather than extreme emotional disturbance. The court also held that Francis' testimony did not support a defense of extreme emotional disturbance. The trial court denied the petition and also denied certification to appeal. *Francis v. Warden*, No. CV950550706S (Conn. Super. Ct. Feb. 18, 1998), Resp'ts' Mem. App. B-4, Doc. #13-4, at 39-45. On appeal to the Connecticut Appellate Court, Francis argued that trial counsel was ineffective for failing to assert a defense of extreme emotional disturbance. The appellate court concluded that Francis failed to show that the denial of certification was an abuse of discretion and dismissed the appeal. *Francis v. Comm'r of Correction*, 63 Conn. App. 282 (2001).

In 2000, Francis filed a motion to correct illegal sentence. The trial court denied the motion. On appeal, Francis argues that the trial court improperly considered his lack of veracity, relied on information outside the record, and relied on inaccurate or mistaken information. *State v. Francis*, 69 Conn. App. 378 (2002). The Connecticut Appellate Court concluded that the trial court lacked jurisdiction to entertain the motion. Francis had filed his motion pursuant to Connecticut Practice Book Section 43-22, which provides that the court may correct an illegal sentence or a sentence imposed in an illegal manner. The Connecticut Appellate Court determined that Francis' sentence was not illegal because it did not exceed the relevant statutory maximum, did not violate Francis' right against double jeopardy, was not ambiguous and was not internally contradictory. *Id.* at 382–84. The Court further noted that Practice Book Section 43-22 was limited by a common-law rule that a court cannot modify a sentence that was valid after execution of the sentence had begun. Accordingly, the Connecticut Appellate Court

2

reversed the trial court's decision and remanded the case with instructions to dismiss the motion. *Id.* at 385. The Connecticut Supreme Court denied certification to appeal. *State v. Francis*, 260 Conn. 935 (2002).

Also in 2000, Francis filed a second state habeas action challenging his conviction. *Francis v. Warden*, No. CV00-0800883, 2011 WL 1367073 (Conn. Super. Ct. Mar. 22, 2011). In his second amended petition, Francis argued that trial counsel was ineffective because he failed to investigate a defense of extreme emotional disturbance, request an instruction on the defense of extreme emotional disturbance and move to disqualify the judge who presided over the probable cause hearing and trial. The court rejected all three claims after a trial. Francis included five other claims in his second amended petition: two other instances of ineffective assistance of counsel, a claim of judicial error for presiding over the probable cause hearing and the trial, withholding exculpatory evidence, and reliance on inaccurate or mistaken information at sentencing. Those claims were deemed abandoned when they were not briefed throughout the duration of the case. On appeal, Francis claimed that the trial court improperly rejected his three ineffective assistance of counsel claims. The denial of the petition was upheld on appeal. *Francis v. Comm'r of Correction*, 142 Conn. App. 530 (2013), *cert. denied*, 310 Conn. 921 (2013).

In 2004, Francis filed a second motion to correct illegal sentence. He argued that the sentencing judge improperly signed the arrest warrant and presided over his probable cause hearing. The state court denied the motion. *State v. Francis*, No. CR 90-391532 (Conn. Super. Ct. Nov. 18, 2005), Resp'ts' Mem. App. F-4, Doc. # 13-26 at 32-44. The denial was affirmed on appeal. *State v. Francis*, 108 Conn. App. 901 (2008), *cert. denied*, 289 Conn. 914 (2008).

In 2008, Francis filed a third state habeas action directed to his conviction alleging

ineffective assistance of counsel in his second habeas action. The state court denied the petition in an oral ruling and denied certification to appeal. Resp'ts' Mem. App. G-5, Doc. # 13-34 at 135. The Connecticut Appellate Court determined that the trial court did not abuse its discretion in denying certification and dismissed the appeal. *Francis v. Comm'r of Correction*, 151 Conn. App. 574 (2014), *cert. denied*, 314 Conn. 922 (2014).

In 2010, Francis filed a third motion to correct illegal sentence, again arguing that the trial court relied on inaccurate and incomplete information at sentencing. He noted that the sentencing court incorrectly assumed that he had stabbed the victim twice instead of once and misunderstood his prior criminal record. He also argued that the sentencing hearing was flawed because he was unable to present evidence of a mental impairment that was not known at the time of sentencing. The trial court denied the motion. *State v. Francis*, No. CR 90-391532, 2011 WL 2738882 (Conn. Super. Ct. June 7, 2011). On appeal, the Connecticut Appellate Court reversed and remanded the case because the court had denied Francis' request for a public defender without following procedures similar to those outlined in *Anders v. California*, 368 U.S. 738, 744 (1967). *State v. Francis*, 148 Conn. App. 565, 569–70 (2014). The Connecticut Supreme Court has granted certification on the question whether the appellate court properly determined that such a procedure was required. *State v. Francis*, 314 Conn. 908 (2014). The appeal remains pending.

II.     Standard of Review

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a). Before filing a petition for writ of habeas corpus in federal court, however, the petitioner must properly exhaust his state court remedies, thereby giving the state courts an opportunity to correct any alleged errors. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005); *see also Richardson v. Superintendent of Mid-Orange Correctional Facility*, 621 F.3d 196, 201 (2d Cir. 2010) (quoting *Baldwin*, 541 U.S. at 39), *cert. denied sub nom. Richardson v. Inserra*, 562 U.S. 1188 (2011) ("Exhaustion requires that the prisoner 'fairly present' the federal claim 'in each appropriate state court (including a state supreme court with powers of discretionary review).'"). The petitioner must have informed all of the state courts of all necessary factual allegations and present essentially the same legal doctrine he asserts in federal court. *See Picard v. Connor*, 404 U.S. 270, 278 (1971).

III.  Discussion

Francis challenges his conviction on thirteen grounds. Because some of the grounds are related, they are grouped together: Ground 1 - the trial court violated his right to confrontation when it precluded him from questioning a state's witness regarding her probationary status; Ground 2 - there was insufficient evidence of intent to cause death; Grounds 3, 4 and 5 – the trial court improperly instructed the jury on the element of intent, that it could consider false statements made by Francis as evidence of guilt, and on the jury's duties regarding the presumption of innocence; Grounds 6 and 7 – trial counsel was ineffective in failing to pursue a

5

defense of extreme emotional disturbance and in allowing the same judge who had signed the arrest warrant to preside over the probable cause hearing, pretrial negotiations, trial and sentencing; Grounds 8, 9, 10 and 13 – the trial court sentenced Francis on incomplete or inaccurate information; and Grounds 11 and 12 – the state court lacked jurisdiction to hear the case because Connecticut General Statutes § 54-46a is unconstitutional in that it does not afford a right to an impartial tribunal.

The respondents move to dismiss the petition on the ground that Francis has not exhausted his state court remedies with regard to all of the grounds for relief. Specifically, they contend that Grounds 8, 9 and 10 are not exhausted. They further argue that Grounds 3, 4, 5, 11 and 12 raise only issues of state law and are not cognizable in a federal habeas petition. The respondents do not reference Ground 13. In their memorandum, the respondents further argue that, if I were to deem those grounds exhausted, the petition should be denied on the merits.

In Ground 8, Francis states that the trial court enhanced his sentence based on an inaccurate assessment of his lifestyle. He states that he raised that issue before the Connecticut Appellate Court which dismissed the claim for lack of jurisdiction. Francis further states that the state court conceded that it had jurisdiction and dismissed the appeal in error but has refused to consider the merits of the appeal. Doc. # 1 at 24. Francis provides no citation to support that assertion.

I assume that Francis' reference is to footnote 9 in *State v. Pagan*, 75 Conn. App. 423 (2003), which states:

> During oral argument, the assistant state's attorney brought to this panel's attention, the case of *State v. Francis*, 69 Conn. App. 378, 793 A.3d 1224, cert. denied, 260 Conn. 935, 802, A.2d 88, ___ U.S. ___, 123 S. Ct. 630, 154 L.Ed.2d 536 (2002). In *Francis*, the

> panel held that the trial court lacked jurisdiction to consider the
> defendant's claim under Practice Book § 43-22 where the motion
> to correct the illegal sentence did not attack the validity of the
> sentence as exceeding the maximum statutory limits, did not
> violate a mandatory minimum sentence, did not violate double
> jeopardy rights and was neither ambiguous nor internally
> contradictory. Id., at 384, 793 A.2d 1224. The holding in *Francis*
> is not consistent with *State v. McNellis*, supra, 15 Conn. App. at
> 444, 546 A.2d 292. *McNellis* has not been overruled by an en banc
> panel of this court or by our Supreme Court.

75 Conn. App. at 430, n.9. *Pagan* was a direct appeal. *Id.* at 424. Footnote nine appears after a citation to *McNellis* for the definition of a sentence imposed in an illegal manner. *McNellis* also was a direct appeal. 15 Conn. App. at 416. The cited section concerns a direct challenge to the sentence. There is no reference to a motion filed pursuant to Practice Book section 43-22, no discussion of the court's jurisdiction over claims filed under that section and no further explanation of the reference. Thus, I find no language overruling the jurisdictional basis for the decision of the state court denying Francis' motion to correct illegal sentence.

In Ground 9 Francis states that the court considered inaccurate or mistaken information during his sentencing when it stated that he stabbed the victim twice even though the medical examiner stated the victim was stabbed only once. Francis states that he raised that issue twice in the state courts. The first time the petition was dismissed by mistake. There are no reported decisions referencing a mistaken dismissal and Francis provides no authority for his statement. I assume that this is another reference to the footnote in *Pagan*. The second time the decision was reversed and remanded for the court to consider a separate issue. Doc. # 1 at 25.

In Ground 10, Francis contends that, at sentencing, the trial court relied on inaccurate information concerning his mental state. He argues that the pre-sentence investigation report stated that he had no mental health issues, but an expert psychologist at a subsequent habeas

7

hearing opined that Francis suffered from post-traumatic stress disorder. Francis states that the issue was raised but not addressed by the Connecticut Appellate Court. Doc. # 1 at 25-26.

In Ground 13, Francis states that the trial court relied on an inaccurate assessment of his criminal history at sentencing. He also argues that the trial court relied on his adolescent criminal history to conclude that he had made up his mind about a life of crime in violation of Supreme Court precedent. Francis states that the issue was raised, but not addressed, in the state courts. Doc. # 1 at 28.

The respondent argues that Francis has not exhausted his state court remedies on the claims that the court relied on inaccurate information at sentencing. Those claims are included in Francis' third state habeas action which is pending before the Connecticut Supreme Court. In response, Francis states that the issue before the Connecticut Supreme Court is not an issue included in the instant action. He contends that the state habeas action is irrelevant because he already raised those claims in support of his motion to correct illegal sentence.

To satisfy the exhaustion requirement, Francis was required to present his claims in a state court with jurisdiction to consider them. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."); *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991) (petitioner must comply with state procedural requirements for presenting claims in state court). *See also* 28 § U.S.C. 2254(b), (c) (petitioner must afford highest state court with jurisdiction over claims the opportunity to review the merits of all claims included in federal petition). Although Francis included those claims in support of his motion to correct illegal sentence, the Connecticut Appellate Court held that the trial court did not have

jurisdiction to address the claims at the time the motion was filed and ordered the trial court to dismiss the motion. Any appeal of the order considered the propriety of the dismissal, not the merits of Francis' claims. By not presenting his claims in a proper manner, Francis deprived the Connecticut Supreme Court of the opportunity to address the merits of his claims. Thus, Francis' argument that he was not required to include the claims in his third state habeas petition is without merit.

Francis states that the pending appeal of the third state habeas action concerns an issue that is not included in his current federal petition. Doc. # 1 at 30. The issue on appeal is whether the trial court properly considered Francis' request for appointment of counsel. Though Francis is correct that the issue is not included in the federal petition, if the Connecticut Supreme Court decides in Francis' favor, the case will be remanded with direction that the public defender be appointed to represent Francis. The public defender can then evaluate the merits of the claims to determine whether he should move to withdraw. If the public defender decides that there is merit to Francis's challenge to his sentence, those claims will be addressed by the court. Because there remains a possibility that Francis can present the merits of the claims to the state courts, the claims are not exhausted. *See Galdamez*, 394 F.3d at 73-74 (petitioner must utilize all available means to secure appellate review of his claims).

Francis has filed a mixed petition, containing both exhausted and unexhausted claims. Federal district courts are generally required to dismiss mixed petitions. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)). Under some circumstances, however, the district court may stay a mixed habeas petition to enable the petitioner to present his unexhausted claims to the state court and then return to federal court for

review of all of his claims. A stay should be utilized only in limited circumstances, where the petition contains both exhausted and unexhausted claims, the petitioner demonstrates good cause for failing to exhaust all claims before filing the federal petition, and the petitioner may be time-barred if the case were dismissed. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *see also Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court).

Francis has had pending proceedings collaterally attacking his sentence at all times since his direct appeal concluded. Because he is not in danger of being time-barred if I dismiss the petition, a stay is not required.

IV.   Conclusion

The respondent's motion to dismiss [**Doc. # 12**] is **GRANTED** and the petition is **DISMISSED** without prejudice. Francis may file a new federal petition after he exhausts his state remedies on all grounds for relief.

Because reasonable jurists would not find it debatable that the petition is a mixed petition containing exhausted and unexhausted claims, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk is directed to enter judgment and close the case.

**SO ORDERED** this 4th day of January 2016, at Bridgeport, Connecticut.

/s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge